IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JERRY MUHAMMAD,** | ) | CASE NO. 5:23-CV-02377 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| **ILENE SHAPIRO,** | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Jerry Muhammad filed this action against Summit County Executive Ilene Shapiro.[1] Plaintiff's Complaint is very brief. In its entirety, the Complaint states: "I had an account takeover. I filed a complaint for my money and never received it." R. 1 at PageID#: 5. He does not assert legal claims. He indicates that he is seeking monetary damages for "money lost and mental anguish." *Id.* at PageID#: 6. Plaintiff also filed an Application to Proceed *In Forma Pauperis* R. 2. That Application is granted, but this action is dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319

---

[1] Plaintiff lists the Defendant's name as Ilene Shapio. Ilene Shapiro is the Summit County Executive. Plaintiff lists the Defendant's address as 1180 S. Main Street. Although the primary address for the County Executive is 175 S. Main Street, the County maintains government offices at 1180 S. Main Street. The Court therefore liberally construes this action as asserted against the County Executive, Ilene Shapiro.

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

To meet the minimum pleading requirements under Federal Civil Procedure Rule 8, the Complaint must give the Defendant fair notice of what the Plaintiff's legal claims are and the factual grounds upon which those claims rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint does not provide sufficient facts to determine what happened in this case and does not assert any legal claims. The Complaint does not meet the minimum pleading standard.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision cannot be taken in good faith.

    IT IS SO ORDERED.

December 16, 2024                      /s/ *David A. Ruiz*
                                               DAVID A. RUIZ
                                               UNITED STATES DISTRICT JUDGE